A. B. DARELIUS, AS RECEIVER OF MORTGAGE SECURITY
COMPANY OF MINNESOTA v. THE PEOPLES STATE
BANK OF ST. PAUL AND OTHERS.[1]

January 23, 1920.

No. 21,586.

**Conversion of certificates of deposit — dismissal of action warranted.**

Plaintiff, as receiver of the Mortgage Security Company, sued for the conversion of certain bank certificates of deposit alleged to have been the property of the company. S. owned a majority of the stock in the company and controlled its officers and affairs. W. was the president of the company and also of the banks which issued the certificates of deposit. S. with the aid of W. planned and carried out a swindle in this fashion: S. procured worthless paper, made to the company, which

[1]Reported in 175 N. W. 993.

was entered to his credit on its books, then it was parceled out among said banks controlled by S. and W. for which the banks issued their certificates of deposit payable to the company; these were delivered to S. and charged to his account. The company paid nothing for the worthless paper and received nothing for the certificates. The company, by its proper officers, indorsed the worthless paper and indorsed the certificates without recourse. S. sold the latter, at a discount of about 15 per cent to defendants. Plaintiff offered to prove that defendants knew that S. would use the proceeds from the sales and not turn over any part thereof to the company. It is *held* that the court did not err in dismissing the case when plaintiff rested, for the company never owned either the worthless paper or the certificates issued in exchange therefor. It was merely the conduit through which S. worked the swindle on the banks issuing the certificates. The only wrong done the company was in procuring its indorsements, and there was no claim of any loss or damage on that account.

Action in the district court for Hennepin county against defendant bank and its officers to recover $261,625 for the conversion of certain certificates of deposit. The case was tried before Dickson, J., who on the statements of counsel of what they expected to show and on the stipulation of facts and the complaint, dismissed the action. From an order denying his motion for a new trial, plaintiff appealed. Affirmed.

*John N. Berg,* for appellant.

*Edgerton & Dohs* and *C. D. & R. D. O'Brien,* for respondents.

Holt, J.

Plaintiff sued defendants for the conversion of certain bank certificates of deposit. The action was dismissed when plaintiff rested, and he appeals from the order denying a new trial.

By admissions in the pleadings and a stipulation made at the trial the facts to be considered proven may be stated, in substance, as follows:

On February 26, 1919, plaintiff was duly appointed and qualified as receiver of the Mortgage Security Company, a Minnesota corporation. Between August 1, 1918, and February 10, 1919, one William H. Schafer owned a controlling interest in the corporation, held a majority of its outstanding stock, directed the selection of its directors, and controlled the action and policies of the board of directors. During the time men-

tioned there were 14 state banks, in different country towns of the state, controlled by Schafer, the Mortgage Security Company, and one Wyant, Wyant is conceded to have been the president of each of the several country banks. The defendant bank is a Minnesota corporation, doing a banking business in St. Paul, and the other defendants are its chief executive officers. From time to time between the dates mentioned Schafer sold and delivered to defendants certificates of deposit issued by the several country banks referred to, payable to the Mortgage Security Company and indorsed by it without recourse. The total face value of the certificates so sold amounted to about $261,000. Some time prior to the sale of the certificates to defendants, Schafer, with the aid and assistance of Wyant, obtained them in this manner:

Schafer had procured large quantities of pretended securities and negotiable paper, all practically worthless, and delivered the same to the Mortgage Security Company, to which he had caused it to be made payable, with the understanding between Schafer and Wyant that said worthless securities should be subsequently parceled out in different proportions among the country banks referred to, and said banks should, in return for the worthless securities so apportioned and delivered to them, issue certificates of deposit payable to the Mortgage Security Company. All of which was done. The total amount of certificates so issued and received by the company was $317,000. As the original securities, or alleged securities, were delivered to the company, Schafer was credited on its books with the face value thereof, and as the certificates of deposit of those banks were issued, payable to the company, in return therefor, the latter were delivered to Schafer, indorsed without recourse by the company through its president Wyant or its vice president or cashier, and charged against Schafer's said account. Schafer when disposing of the certificates to defendants did not receive the full face value. It seemed to be conceded, on the oral argument, that the discount was usually about 15 per cent.

Plaintiff offered to prove that defendants knew, when the certificates were purchased, that Schafer was misappropriating the same, that he would not pay over the proceeds received on their sale to the company, but would convert the same to his personal use. We doubt whether plaintiff

seriously contends that his offer of proof went to the extent of showing that defendants actually knew the whole scheme worked by Schafer and Wyant when any of the certificates were purchased by defendants. But, for the purposes of this decision, it will be assumed that the offer of proof went to that length. However, it is clear that neither the conceded facts, nor the inference therefrom, nor the offer of proof, would warrant a finding that defendants took any part in Schafer's and Wyant's nefarious operations, or that they intentionally or knowingly aided or abetted the same.

Plaintiff stands in the shoes of the Mortgage Security Company. His right to recover must be measured by the company's right. Grant that the company, in behalf of the stockholders guiltless of wrongdoing, may repudiate the sale of the certificates to the defendants notwithstanding that the company's proper officers sold and indorsed the same, yet there seems to be no way in which the company may claim ownership of the certificates so as to sue for conversion, without ratifying or adopting as its own the fraudulent scheme by which Schafer and Wyant obtained them from the banks. The defendants cannot be placed in a worse position than could Schafer were he the defendant, and had he not parted with the certificates after delivery to him. There is no claim that the company purchased the worthless securities from Schafer, or became the owner thereof, unless it gave him the certificates of deposit in exchange therefor. And in that event, before the action would lie against him for conversion the securities he gave for the certificates must at least have been tendered back. In other words, there could be no claim of ownership to warrant either replevin, trover or conversion of the certificates without a rescission or offer of rescission. Nothing of the sort occurred with reference to the transaction with Schafer.

But, considering the undisputed facts in their true relation, can the Mortgage Security Company be heard to assert that it ever had any claim to the certificates of deposit? It is conceded that the acts of Schafer and Wyant, by which the certificates came into existence and became in name connected with the company, were for the sole purpose of working a swindle. The victims of the swindle were the banks whose certificates were obtained. If any one is entitled to sue for them or for their con-

version it is the defrauded banks. In truth and in fact, the Mortgage Security Company never held any real interest in or to any of them. It did not pay one cent for the worthless securities in exchange for which the certificates were given, nor was it intended that it receive one cent for the certificates when they were turned over to Schafer. The company was merely the conduit through which Schafer consummated the fraud he intended to work on the banks. It lent its name and its books to him to serve his purposes alone. It never had any rightful possession of the certificates, as a legitimate bailee or otherwise, so as to be able to assert ownership against one to whom its officers turned over the possession. Schafer did not steal the certificates from the company, for they never belonged to it. But, even had he so done, he parted with possession to the defendants, and their possession is good as against the world except the true owner, and the Mortgage Security Company was never such.

It is plain that were this action to succeed, Schafer, the perpetrator of the swindle, would be the chief beneficiary, for he holds the majority of the stock in the Mortgage Security Company. Such a result ought not to obtain.

Nor do we see how the company was, or in any manner might be, pecuniarily affected or damaged so as to have a cause of action, even against Schafer, except as it might suffer loss on account of its indorsements either on the securities or the certificates. The pleadings, stipulation and offer of proof are silent as to any such loss. The only fraud or wrong done the company was the unwarranted use its regular officers made of its name. Its property or its right to possession of property was not affected by Schafer's acts. And, as to these defendants, even were it conceded that the offer of proof went so far as to show a conspiracy, there could be no recovery against them when there could be none against Schafer on this score, for no damage or loss resulting from the wrongful use of its name is claimed in this action.

There is no need of discussing the authorities cited by either appellant or respondents. They announce elementary principles which neither side dispute. The outstanding facts here admitted, even were they supplemented by the proofs offered, preclude the application of any of the legal

principles invoked so as to enable the Mortgage Security Company, or plaintiff, its successor in interest, to recover.

Order affirmed.